\*ELIZA GRAHAM ET AL. v. MICHAEL BURGGRAF ET AL.

**1. EVIDENCE—ADMISSIBILITY OF RECORD OF DEEDS.**

The record of deeds is competent as evidence in an action involving title to land, where there are irregularities in the execution of the deed.

**2. EVIDENCE ESTABLISHING SIGNATURE TO A DEED.**

The testimony of a witness who saw a deceased grantor sign a deed, and the identification of the deed in question, and the testimony of three or four expert witnesses that the handwriting is that of such grantor, are, standing uncontradicted, sufficient to establish the signature of such grantor.

**3. DEED MAY BE SIGNED IN OTHER THAN USUAL PLACE.**

A party may sign a deed elsewhere than in the place provided for that purpose; and if in other respects regular, and the signature is properly identified, the

---

\* The judgment of the circuit court in this case was affirmed by the Supreme Court, unreported, 59 Ohio St., 603.

fact that one of the grantors signed on an opposite page from the place for the signature, does not render a deed invalid.

**4. DEED EXECUTED IRREGULARLY—AMOUNTING TO CONTRACT.**

An instrument purporting to be a deed and proper in all respects except as to the signature of the wife of the grantor, which appears in another than the ordinary place therefor, and without seal as the law at the time required, and without proof that the witnesses were present and saw her sign her name, amounts to a deed by the husband and a contract by the wife.

**SUCH INSTRUMENT FORMS BASIS FOR EQUITABLE RELIEF.**

Such an instrument, while lacking one or more essentials as to the form of its execution, forms a basis upon which a court of equity may give relief to parties holding possession thereunder, especially where there is evidence tending to prove payment received by the wife at the time of such conveyance and that those claiming through her acquiesced in the adverse possession of grantees for a long period of years. The instrument in question, under these conditions, confers an equitable title and injunction to restrain acts of ownership by grantees, in case at bar, was refused, the court holding that claimants were not entitled to the aid of a court of equity.

*Goeke & Culliton,* for plaintiffs.

*Wm. H. Cunningham* and *Layton & Stueve,* for defendants.

PRICE, J. (Orally.)

Plaintiffs brought their suit in the court below against Michae Burggraf and M. H Goodkind, and for a cause of action say they are the sole and only heirs at law of Cynthia Cornell, deceased, and as such are entitled to the reversion of a certain tract of land in this county, containing about fifty acres; the defendant, Michael Burggraf, is the owner of the present outstanding life estate in the premises of one George W. Cornell; that on September 11, 1895, the defendant, Buiggraf, without authority or right from the plaintiffs, executed and delivered to Goodkind an oil lease on the same premises; that under that lease, Goodkind had wrongfully entered the premises and had begun to extract oil from the ground in large quantities; the lands were valuable for oil producing purposes, and to remove the oil would be somewhat disastrous to the value of this estate, and they ask an injunction against the operation of these premises for oil purposes, and an order to enjoin them from entering the premises and also for an accounting for the oil that has been produced.

The defendant, Burggraf, answers in three defenses. The first is a general denial to the plaintiff's title to the land; the second, that the defendant had executed a lease to Goodkind for oil purposes on the premises; that it is necessary to operate for oil by reason and in order to save the waste which would occur by reason of the adjacent territory to this fifty acre tract being drawn upon by the sinking of wells on that land, and drawing from this fifty acres; third, by way of cross-petition, that he is in possession of the premises, and the owner in fee simple, and that the plaintiffs claim some right in the premises which he asks they may be compelled to set up, and that his title may be quieted against them, and for other and further relief.

On the hearing of this case, there were some objections made to the introduction of testimony which we should dispose of before proceeding to the balance of the case. The plaintiff, by his counsel, introduced

the record of deeds, Vol. 22, page ——; there was an objection made to the introduction of that by one of the parties, and my recollection is that it was introduced by the plaintiff; there would be no error in that, for the record is evidence by reason of the association of the parties; the record of the deed offered in evidence between the parties was the one which Mrs. Cornell made at the time. The deposition of George W. Cornell is introduced in evidence, subject to objections made to certain questions in the deposition; we have marked in lead pencil in the margin opposite such questions as we think should be ruled out and in that way counsel can determine the evidence that we regarded as competent and incompetent.

What is the evidence, then, in regard to the title in this case? No question is made as to the conveyance by George W. Cornell, the husband of Cynthia, but that it is in proper form, and the record shows no signature of the wife joining in the execution of the deed; but the deed is produced and identified; the deed of which the record is a copy and in which it is claimed Cynthia signed her name, not in the form of subscribing to the deed, but signing it between two lines on the opposite page of the deed and in another part fo the deed where there is language regarding the covenants embraced in the conveyance.

Is the evidence satisfactory that that was the signature and handwriting of Cynthia Cornell? We have a deed identified by a witness who saw her sign a certain deed and testifies positively that she signed that paper, which was introduced in evidence as a standard of comparison. The handwriting in the deed in question was compared by three or four witnesses who were introduced as experts in comparison of handwriting, and as a result of their examination, they say that this handwriting in the deed in question, is by the same hand that wrote the signature to the other deed, identified by the other witness; there is no evidence opposed to this ; at least there is no expert testimony on the subject and while the evidence is not as full and clear as we would like it in a case of such importance, we believe it fairly establishes the fact that the handwriting of the name of Cynthia Cornell, on the page opposite to where her husband signed, is in the handwriting of Cynthia Cornell.

That being the case, the next question raised is, what is the effect of the signature at that place ; it is not witnessed, and in a different locality from the place where signatures are generally recorded. With an examination of the authorities cited and the usual rules regulating the execution of deeds under the law as it existed at the time this conveyance was made, we are of the opinion that it doesn't have the character of a deed of conveyance, so far as the wife is concerned. It would lack the one element, perhaps, clearly, that there is no seal annexed to her name, and it cannot be said to be clear that the witnesses who attested the signature of the husband were present and saw her sign her name at the place already mentioned, but so finding, does not necessarily give the plaintiffs a right to the relief prayed for.

We think from our investigation of the authorities and from the language of our statute, that a party may sign a deed elsewhere than under the place usually provided for that purpose in the forms; like the law regulating wills, the signature need not necessarily be at the close of the will but may appear elswhere if it is identified as being the signature of the testator, and otherwise regular in form and execution. So, we think it stands at least in the form of a contract; a deed by the hus-

band, and in the form of a contract by the wife; and while in an old case involving title, in an action of ejectment where the general issue was joined, such document would not be sufficient to defeat the plaintiff's right to recover possession of the property, yet in a court of equity, where it is made to appear that this contract was executed, on its face purporting to be a conveyance, yet lacking one or more essentials as to the form of its execution, it is such basis as would authorize a court, upon a proper pleading, to execute a contract, and give relief to the parties who held possession under such instrument. In this evidence it appears, while not amounting to much in weight, in the evidence of the son, that $800 was paid at the residence of Cornell in the presence of his wife, which was turned over by the husband to the wife for safe-keeping; she had knowledge of the consideration; there was no notary public there to take the acknowledgment of this deed by either party. There is some evidence as to the place of its execution, namely, at the office of Joseph Plunkett.

There is another circumstance in the case, the mother of this child dying, if we are informed correctly seventeen years ago, at least it so appears from the deposition, that there was an acquiescence on the part of this plaintiff up to a certain period of time, in the possession of the parties under whom the defendant holds.

Now, on the whole case are the plaintiffs entitled to enjoin defendants from enjoying possession of this property; they must show a clear right to this remedy. We think that the case taken as a whole, shows that Mrs. Cornell signed this instrument; she signed it as a contract, at least, and no doubt, we think, intended to join in the conveyance, and that it is such an instrument as confers upon Burggraf, and the other parties under whom he holds, an equitable title, one that is capable of being enforced in equity; that being the case, the plaintiffs have no standing in court to enjoin the peaceable enjoyment of the possession of the premises under this title. There will be a finding for the defendants; plaintiff's petition dismissed, and the title of the defendant quieted as against the plaintiff and each of them; costs to plaintiff and judgment for costs; the injunction dissolved and cause remanded to the court of common pleas for execution.